Smith, J.
In this case a motion has been filed by the defendants to dismiss the action for the reason that some one or more of the plaintiffs died more than one year before the filing of the motion, and the action has not been revived in the name of their heirs or legal representatives. A motion has also been filed on behalf of the plaintiffs, their heirs or legal representatives, for leave to file a supplemental petition, setting up the fact of the death of some of the original parties, and the names of their legal representatives to the end that the action may be properly revived in their names and proceed to final judgment.
We understand it to be conceded by the counsel for the defendants, that it is within the sound legal discretion of the court to allow such revivor to be made, though not applied for, until more than one year has elapsed, after the fact of such death,and after it came to the knowledge of the parties applying therefor. But the claim is made by counsel for the defendants that where there has been great laches in making such application, and injury would result to the opposite party, both of which facts are claimed to exist in this case, that the court should not allow it to be done, but should dismiss the proceeding.
Many of the facts bearing on this question are within our own knowledge. It is well known that the case now pending in this court was the one first brought to settle the question of the rights of the parties to the real estate in controversy. That it was tried in the court of common pleas, and a decree entered, and the case brought into this court by appeal. That after the bringing of the first suit, a second one was brought with a like object, in the Superior Court of this city, by one or more parties who claimed to have an interest in the subject-matter of the controversy, but who from some cause had not been made parties in the first action. This last cause was in due form removed to *198 the Circuit Court of the United States for trial, several years ago, and as we are advised, that court claimed and assumed jurisdiction of the whole controversy, and proceeded to hear and dispose of it. Shortly after this cause was docketed in this court, counsel for the defendants in possession now. making the motion to dismiss, applied to this court to set an early day for the hearing of the case. The plaintiff’s counsel objected, and insisted that new parties must be brought in. The court, being of'the opinion that this was essential, ordered that it be done. Promptly thereafter, the defendants in possession again applied for the hearing of this cause; some of the new parties filed an answer, to which a demurrer was filed and sustained (5 Ohio Circuit Court Rep. 69), but the court found that the new parties were entitled to time to take proof. The plaintiff could not stipulate that the new parties might use, in this case, the testimony taken in McClaskey v. Barr; and in the meantime, upon the joint application of such new parties and the plaintiff and the cross-petitioners, the Federal Court set an early day for the hearing of the case in that court and speeded it to a decree, which was rendered several years ago, and which we understand settled all questions as to the rights of the parties to the land; but within a few months, on appeal, a very different decree has been rendered, and which we understand to have been in favor of the defendants, but which is said to contain a saving as to the right of one or more of the parties to this case (who under the ruling there made, had by the commencement of the first action, prevented the running of the statute of limitations against them), to proceed with said first action.
A majority' of the court is of the opinion on this state of fact, that there has been no such laches on the part of the plaintiffs in seeking the revivor of the action as would justify us in refusing to allow proper steps to • this end to be taken, We think that there was no good reáson why they *199 should have gone to the expense of making new parties, when there was every reason to suppose that the decree of the United States Court would settle the whole controversy. And we arrive at this conclusion the more readily, as it would seem that if this action is disposed of otherwise than upon the merits, those of the parties whose rights are reversed by the decree of the United States Court, would have the right to commence a new action, within one year after the judgment of dismissal. This would operate hardly upon them, and be of no substantial benefit to the defendants. The motion to dismiss the action will therefore be overruled, and leave will be granted to file the supplemental petition, making new parties with the view to revive the action as to the heirs or legal representatives of the parties who have died.
B. A. Harrison, Ledyarcl Lincoln and J. C. Harper, for motion.

S. T. Crawford, contra.

We think that it is incumbent on those seeking the revivor that they should proceed with diligence to effect the revivor, and a failure to do so, will justify the court in dismissing the action. •
Judge Swing does not agree with us in this holding, being of the opinion that proper diligence has not been shown in this matter.